Good morning, your honors. May it please the court, my name is Noah Forreese and I represent appellant Andre Hudson. Thank you for allowing me to appear remotely today. This case is appeal from a criminal sentencing in the District of Connecticut challenging the application of a four-point enhancement under 2K2.1 which permits four points being added where a firearm is possessed in connection with felony drug distribution and where because of this enhancement Mr. Hudson received a total of a 10-year sentence for the criminal possession of a firearm and violation of supervised release. This is a consolidated appeal. The issues raised in this appeal primarily revolve around the erroneous reliance on an outdated statute, namely that the distribution of marijuana under Connecticut law was not a felony at the time of Mr. Hudson's appeal. Isn't this a case that is the perfect case for plain-error review? If you had, or your preceding counsel, or somebody had noticed that this was not a felony in Connecticut, they would have simply changed the citation and made it a felony federally, and the whole thing would have gone away. It wasn't mentioned, and so there was an error. But isn't that exactly the thing that would lead to sandbagging and to waiting so that the thing was not corrected? And that's why plain error is what it is. And so we can say there was error, and it was error if it was claimed wrong, but it doesn't affect the fundamental rights of your client, because had the matter been brought up, they would have sent the right citation. And that's the end of it. I appreciate the question, Your Honor. I don't think it's merely as simple of a fix as that, because if I were representing Mr. Hudson at sentencing, I would have argued and made the law. There has been a major change in public policy. The cannabis laws have been largely caused to be penalized. But it was a felony under federal law, and that's all that the statute requires. It's all that's required for the 4+, isn't it? Well, I think that raises more of a commentary, and it defines another felony offense. It says, for the purpose of subsection B6b, means any federal, state, or local offense. And I think in focusing on that language, I think it would be sort of discretionary for the court to choose which one, because there's no further qualification. I don't understand what you say when it would have been discretionary for the court to choose. I mean, the court was provided these alternatives by the text of the statute. Right, and there's no further qualification, meaning that it doesn't instruct the court to choose the most serious offense. But you don't dispute that even though your client's conduct may have been not a felony under state law, it was a felony under federal law, right? I can't dispute that, Your Honor. And I think that the arguments would have raised a lot more analysis from the district court. Namely, is the district court required to use the federal law, or could it use the state law? Are there other issues? What difference would it have made? I don't know. Forgive me, I didn't quite follow your response there. Oh, man. Did you hear? If someone during the course of the, counsel during the course of the proceedings had said, well, Your Honor, it may not be a felony under state law, but it was a federal felony, where would you have been at that point? What would you have said? Not you, because you weren't there, obviously. What would the trial counsel have said on behalf of Mr. Hudson at that point? Counsel, can you hear us? Okay. I'm sorry about that. Can Your Honor hear me? Yes, we're good. Mr. Koretz, did you hear Judge Parker's question? We're not hearing you now. We're not hearing you. Can Your Honor hear me? Yes, we can hear you now. I'm going to try to call in. I'm sorry about this. No, we can hear you. You're fine now. You're fine now. If you heard Judge Parker's question, I think that's where we had a hiccup. In other words, why wasn't the error, why wasn't this a quintessential harmless error? We've lost you again. Your Honor? Yes, go ahead. Oh, I'm really sorry about that, Your Honor. Why wasn't this a quintessential harmless error? Because the court had relied on state law, which was outdated, and it was no longer a felony. It was an error. I have a question about what was legal or not legal in Connecticut. So what? I think it did affect his substantial rights, namely the fact that it added the four-point enhancement. I think that if the issue had been raised, that the district court would have heard the argument that it had been sort of, the penalty was no longer a felony under state law. And while it may have been a felony under federal law, the four-point, the four-plus says if it's a felony under law. It doesn't say state law or federal law. It doesn't say anything. That is, the argument that maybe one shouldn't do things with respect to marijuana or something else was perfectly made under as it was. But what difference did the fact that there was a miscite make? I think it's more significant than just a miscite, Your Honor. And I think that the guidelines commentary indicates federal, state, or local offense. I think there's some latitude there to pick. And it doesn't indicate that the court has to choose the most serious offense like in other sections of the guidelines. And I think it could raise other issues like rule of lenity issues. And it certainly would be a persuasive argument for the district court to hear about the changes in the law. And that it affects public policy. It affects everything. And a four-point enhancement is a huge enhancement. It changed Mr. Hudson's guidelines dramatically. No question about that. But if we were hearing this argument on a – in respect of a preserved objection, we would have had to consider all these factors that you just rehearsed. But this is plain error. I think there's another version of the question that's already been asked. Yeah. Okay. Why don't we hear from you again on rebuttal, Mr. Koras? Yeah. I mean, let's hear on rebuttal. Thank you, Your Honors. We'll hear from the government. Thank you, Your Honors. And may it please the court, Reed Durham. Speak into the microphone. Yes, Your Honor. Reed Durham on behalf of the United States of America. I don't want to belabor my argument, Your Honor, because Your Honor, both of Your Honors zeroed right in on the heart of all of the claims raised by the appellant. And that is that this was a case where, to the extent there is error about Judge Meyer relying on the state statute, which at this point was a misdemeanor rather than a felony, there has been no prejudice to Mr. Hudson as a result. There is no question that the conduct at issue was a felony. Judge Meyer never specifically made any mention of a state statute. He spoke exclusively about the conduct that was at issue. The conduct of Mr. Hudson speeding down the highway, being armed with a firearm. The stipulated facts at the time of the plea agreement that he possessed the marijuana for distribution. Judge Meyer took note of the cash in Mr. Hudson's possession and made the determination based on the conduct that the guideline enhancement applied. So, again, assuming that there was error and that Judge Meyer did rely on the fact that the PSR contained the state statute as a felony, it certainly was a felony under federal law. And each of the appellant's arguments essentially flow from that or variance on that. Ultimately, as I said, Your Honor, it boils down to the fact that there really is no prejudice to Mr. Hudson. And that's the case on his argument regarding ineffective assistance of counsel, regarding the first two claims, regarding the position of the enhancement, and in terms of his fourth argument regarding the violation of supervised release, which particularly is not effective in any way. You cannot talk or listen until the host administers the meeting. In that regard, Your Honors, which was the issue that was briefed on our first brief, to the extent there's error in the guidelines calculation regarding the indictment case, that had no effect on the calculation of the guidelining range or any of the proceedings. Mr. Koras, if you can hear us. Yeah, you're not on mute. We can hear noise from your end, I think. Thank you. And Your Honor, just concluding on that point, there's nothing about the guideline calculation regarding the indictment case that had any effect on the guidelines calculation on the violation of supervised release. There's no claim, essentially, really at all, any error in terms of that calculation, and just sort of a vague reference to it being linked to the indictment case. So, unless Your Honors have any additional questions, I will rely on the government's brief and ask that the sentence be affirmed. Thank you, counsel. Thank you. Mr. Koras, you're reserved two minutes for rebuttal. We can't hear you. Sorry, Your Honor. I didn't think the court wanted me to pick up the issue of the appeal waiver. So, I guess I'll just jump into that. The appeal waiver, I'm asking the court to invalidate it based on the United States Chief's judgment, which indicates that with no consideration for an appeal waiver, that it's not valid. I think that this case is invalid. But you've already won that argument. I mean, we're all here. We are, Your Honor. But the court has deferred the motion to submit. So, I was going to take it up if the court wanted me to argue it. I guess I have a question on that point. I mean, didn't the range change from 110 to 120 to 100 to 120? So, in other words, your client got a 10-month benefit in the range, and that would seem to be consideration. No, my understanding of the range was 100 to 125, and that they took off the five months on the top to comport with the statutory maximum. So, I don't think there would be consideration there. And I don't think there would be any other form of consideration. Namely, he didn't have to forego pleading to any counsel for the indictment. It was only a single-count indictment. The appeal waiver was the statutory maximum, and there was no benefit through this particular agreement that he could not have obtained simply just entered in open plea. So, for those reasons, the court found that the appeal waiver was not valid. And so that the court may hear the additional arguments on the indictment case. Now, of course, the appeal waiver doesn't apply to the ineffective assistance of counsel or the supervised release violation case. So, on my core issues, I am arguing to the court that the reliance on the Connecticut state law was not only plain error, but it did affect his substantial rights. And that the court couldn't just simply substitute federal law without some further briefing or analysis or argument as to sort of which statute should apply. And that the failure of those arguments to be raised before the district court was not only plain error, it was also ineffective assistance of counsel. Thank you, counsel. Counsel, I think we have your argument. Thank you. Thank you. We'll take the case under advisory. Thank you both.